[L. A. No. 5316. Department One.—April 1, 1920.]

SOUTHERN PACIFIC RAILROAD COMPANY, Respondent, v. SALLIE OWENS et al., Appellants.

[1] VENDOR AND VENDEE—BREACH OF ANTI-LIQUOR CLAUSE OF CONTRACT FOR SALE—ACTION TO DECLARE FORFEITURE—EVIDENCE—CONSENT TO ISSUANCE OF TOWN LIQUOR LICENSES.—In an action to declare a forfeiture of the vendee's interest in certain real property for breach of the condition contained in the contract of sale that no intoxicating liquors should ever be sold, kept for sale, or given away upon the premises, evidence that the land commissioner of the vendor consented to the issuance of liquor licenses in the town wherein the premises were situated was properly excluded, since such consent would not amount to a waiver of the condition.

APPEAL from a judgment of the Superior Court of Kern County. J. W. Mahon, Judge. Affirmed.

The facts are stated in the opinion of the court.

Rowen Irwin for Appellants.

Frank McGowan, Frank Thunen, and Wm. M. Singer for Respondent.

LAWLOR, J.—This is an appeal by the defendants from a judgment for the plaintiff in an action to declare a forfeiture of the defendants' interest in certain real property. Findings were waived and there is no dispute as to the facts.

On February 1, 1910, the plaintiff corporation entered into an agreement with defendant Sallie Owens for the sale to her of lot 10 in block 4 in the town of Moron, Kern County. The price agreed to be paid for the lot was four hundred dollars, and the vendee paid down one-third of the purchase price; the remainder was paid in two deferred payments. This contract contained a clause as follows:

"Provided, however, that this agreement is on and subject to condition that as a part of the consideration hereof

---

1. Waiver of restrictive agreements by acquiescence in violation thereof, notes, 1 Ann. Cas. 603; 14 Ann. Cas. 760; Ann. Cas. 1915B, 147.

no wines, beers, or other spirituous, vinous, malt or alcoholic liquors or beverages of any description shall ever be sold or kept for sale or given away upon said premises upon penalty of forfeiture of all right, title and interest in and to said premises and the immediate reversion thereof and the revesting of the title thereto in said Railroad Company, its successors and assigns . . . '' And the contract further provided that: ''All of the said foregoing exceptions, reservations, conditions, and limitations shall be written into the deed of said land, herein provided for, and shall run with the land, and all holdings by, through, or under purchaser are subject thereto.''

Subsequent to the execution of said contract, defendant Owens sold and assigned her interest therein to defendant A. I. Scott, who expended about two thousand five hundred dollars in the fitting up of a saloon upon the premises, the purchase of stock, the payment of rents, and of a license fee to the city of Taft. In February, 1911, Scott opened up a retail liquor business on the place and has been conducting it ever since. On September 20, 1911, plaintiff commenced this action against defendants to declare a forfeiture of the premises under and by virtue of the anti-liquor clause above quoted. The action proceeded to trial and the court adjudged that the defendants, by reason of the violation of the said condition in the contract, had lost and forfeited all right, title, and interest in and to the premises, and decreed that ''the plaintiff is the owner in fee and entitled to the immediate possession of Lot 10 in Block 4 in the Town of Moron (now Taft) . . . ''

Appellants' contention is that the saloon was opened and conducted with the consent of plaintiff and there was a waiver of the condition in the contract of sale by B. A. McAllister, ''Land Commissioner, Southern Pacific Railroad Company.'' In support of this contention appellants attempted to prove by one Harry Hopkins, a trustee of the city of Taft, that, at a conference held in the city of San Francisco prior to the breach of the condition, McAllister orally consented to the issuance of liquor licenses in Taft to conduct saloons. The following question was put to this witness: ''State the conversation that was had between you and Mr. McAllister with regard to the issuing of liquor licenses, that is, the city of Taft issuing liquor licenses at

that time." The objection was interposed that the question was irrelevant, incompetent, and immaterial, and that "Mr. McAllister had no authority . . . to in any way bind the plaintiff in this action by any such declaration or conversation." The objection was sustained, and it is upon this ruling that the appellants rely for a reversal of the judgment.

The testimony sought would not tend to prove that McAllister, acting for the plaintiff, waived the breach of the condition in the contract or condoned the forfeiture, although appellants' argument seems to assume that such would be the effect. [1] We think the testimony was properly excluded. The question put to the witness was not answered, but appellants' counsel made the following statement as to what he intended to prove: "I offer to show by this witness here that the licenses were issued by and with the consent of the plaintiff, acting through its land commissioner, and who . . . executed the very contract upon which it is now suing; that they [the plaintiff] consented to the issuing of liquor licenses on behalf of the city of Taft; that the same were issued in pursuance of their consent and with their knowledge." The issuance of liquor licenses in the city of Taft based upon such an understanding could not affect the plaintiff's right to claim a forfeiture in the event of a breach of the conditions contained in the contract of sale. Even if McAllister acquiesced in the issuance of saloon licenses in Taft, this would not constitute a consent to the defendants' opening a saloon on the particular lot involved here. Adopting this view, it is unnecessary to discuss whether plaintiff would have been estopped to insist upon a forfeiture if McAllister—who, it appears, had acted as "Land Commissioner, Southern Pacific Railroad Company," one year before, when the contract was executed—had in fact informed the defendants that they might open a saloon on the premises and the defendants had acted in reliance thereon.

Judgment affirmed.

Olney, J., and Shaw, J., concurred.